In the Matter of SAMUEL LEMKIN, an Attorney, Respondent. CO-ORDINATING COMMITTEE ON DISCIPLINE OF THE ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK et al., Petitioners.

First Department, January 29, 1963.

*Henry Weiner* of counsel (*William A. Giustiniani* with him on the brief), for petitioners.

*Leonard Feldman* for respondent.

*Per Curiam.* The respondent was admitted to practice in the Second Department in December, 1942.

The petition herein alleged that respondent had been guilty of misconduct as an attorney at law as particularized in 10 separate charges, each of which contained a number of specifications of wrongdoing. After extensive hearings before a Referee, during which 2,796 pages of testimony were taken from numerous witnesses, the Referee reported that all of the 10 charges had been sustained. Although the Referee found that certain of the specifications under various charges had not been proven, the report did conclude that under each of the 10 charges some specifications had been established to the Referee's satisfaction.

The Referee's report should be confirmed except as to his conclusions as to one of the specifications under Charge No. 4 (the Conlon case), in which the Referee found, under two speci-

fications, that respondent fostered and encouraged unnecessarily protracted treatment from doctors for the purpose of building up and exaggerating the extent of claimed injuries by clients.

The charges sustained include the submission of false statements of loss of earnings (Charge No. 1); the submission of false bills of particulars (Charge No. 2); the submission of false medical reports and doctors' bills (Charge No. 3); exaggerating and building up claims by improper referrals to doctors (Charge No. 4); improper bearing and paying clients' expenses and doctors' bills (Charge No. 5); improprieties in the distribution of funds, including "kickbacks" (Charge No. 6); the filing of incorrect statements of retainers (Charge No. 7); the improper representation of conflicting interests (Charge No. 8); the compromise of infants' claims without court orders (Charge No. 9); and, the failure to file closing statements in certain cases in violation of rule 4 (subd. [2], par. [a]) of the Special Rules Regulating Conduct of Attorneys of this court (Charge No. 10).

In the matter of one of the specifications under Charge No. 3, and one under Charge No. 4, the Referee found respondent responsible for the activities of an office associate. We agree that either respondent knew of his associate's actions or was careless in permitting the associate to operate in respondent's name without adequate supervision. (*Matter of Neimark,* 13 A D 2d 676, 677; see, also, *Matter of Weitz,* 11 A D 2d 76, affd. 9 N Y 2d 735.)

So, too, the submission of false statements of loss of earnings and false medical reports to insurance carriers constitutes professional misconduct. (*Matter of Shields,* 16 A D 2d 50, 51; *Matter of Gladstone,* 16 A D 2d 512, 541; *Matter of Wysell,* 10 A D 2d 199.)

Moreover, the settlement of infants' claims without court order is professional misconduct. (*Matter of Gladstone, supra,* p. 515; *Matter of Shufer,* 12 A D 2d 208, 214.)

The improprieties established under Charge No. 6, regarding the distribution of funds received in settlement of claims of clients, clearly demonstrate a course of conduct unacceptable for a reputable member of the Bar.

Finally, the failure to file proper statements of retainers and to file closing statements as required by rule 4 (subd. [2], par. [a] of the Special Rules Regulating Conduct of Attorneys of this court were not satisfactorily explained.

Respondent was not a novice at the Bar. He had been practicing in the negligence field for a long time and had an annual volume of 75 cases per year. The evidence indicates a general pattern of professional misconduct which demonstrates respond-

ent's unfitness to remain in practice as an attorney and respondent should be disbarred.

BREITEL, J. P., RABIN, VALENTE, STEVENS and STEUER, JJ., concur.

Respondent disbarred.